IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY RAY ALLEN, #L4516                                                      PLAINTIFF

v.                                                       CIVIL ACTION NO. 4:13-cv-1-CWR-LRA

UNKNOWN NURSE, ET AL.                                                      DEFENDANTS

MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. On January 30, 2013, an Order [ECF No. 6] was entered directing Plaintiff to file a written response to provide specific information regarding his claims, on or before February 20, 2013. Plaintiff was warned that his failure to keep this Court informed of his current address or his failure to timely comply with any Order of this Court may result in the dismissal of this case. Plaintiff failed to comply with this Order.

On March 7, 2013, an Order [ECF No. 7] was entered directing the Plaintiff to show cause, on or before March 22, 2013, why this case should not be dismissed for his failure to comply with the Court's January 30, 2013 Order. In addition, Plaintiff was directed to comply with the Court's Order by filing his response, on or before March 22, 2013. The Show Cause Order warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. Plaintiff failed to comply with this Order.

Since Plaintiff is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On April 8, 2013, a Final Order to Show Cause [ECF No. 8] was entered in this case. Plaintiff was directed to show

cause, on or before April 23, 2013, why this case should not be dismissed for his failure to comply with the Court's Orders of January 30, 2013, and March 7, 2013. In addition, Plaintiff was directed to comply with the previous Orders by filing his response, on or before April 23, 2013. The Final Order to Show Cause warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. Plaintiff has not complied with the Final Order to Show Cause.

Plaintiff has not contacted the Court about this case since January 29, 2013. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has failed to comply with three court orders. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to

respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 10th day of May, 2013.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE